**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William H. Chism, III,<br><br>    Plaintiff,<br><br>vs.<br><br>J. Ward, Chief Deputy Warden; Ken Clark, Warden; S. Sherman, Associate Warden; S. Smith, Correctional Lieutenant; Ricky Gomez, Correctional Counselor II; and C. Palmer, Correctional Officer,<br><br>    Defendants. | No. 1:08-cv-00103-DGC<br><br>**ORDER** |

Defendants have filed a motion for summary judgment. Doc. 29. Plaintiff has filed a response (Doc. 30) and Defendants have filed a reply (Doc. 31). For reasons that follow, the Court will grant the motion in part and deny it in part.

**I.    Background.**

Plaintiff William H. Chism III is an inmate housed at the Substance Abuse Treatment Facility ("SATF"). Plaintiff has sued Defendants Palmer, Ward, Clark, Sherman, Smith, and Gomez for injuries arising out of another inmate's attack on Plaintiff in October of 2006. Plaintiff has sued under 42 U.S.C. § 1983, claiming that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they failed to prevent the attack.

## II.     Legal Standard.

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to demonstrate the existence of a factual dispute and that the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Rule 56(e) compels the non-moving party to "set out specific facts showing a genuine issue for trial" and not "rely merely on allegations or denials in its own pleading." Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Rule 56(c) mandates the entry of summary judgment against a party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

## III.    Defendant Palmer.

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir.2005) (internal quotations omitted). To prevail on an Eighth Amendment failure-to-protect claim, a plaintiff must demonstrate facts that satisfy a two-part test showing that the defendant was deliberately indifferent. First, the plaintiff must prove that objectively he suffered a sufficiently serious deprivation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Then, he must prove that the defendant had a culpable state of mind – was deliberately indifferent – in allowing the deprivation to occur. *Id.* at 299. A prison official has a sufficiently culpable mind if he

"knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187-88 (9th Cir.2002).

The motion for summary judgment argues that Defendant Palmer had no idea Plaintiff was going to be attacked on October 10, 2006, nor that any animosity existed between Plaintiff and his attacker. Doc. 29-1 at 4. The motion asserts that Plaintiff can produce no evidence suggesting that Defendant Palmer was deliberately indifferent to a serious risk to Plaintiff's safety.

In response, Plaintiff presents the declaration of inmate Anthony Sienz. The declaration states that inmate Sienz was housed at SATF in October of 2006. In the days preceding the attack on Plaintiff, Sienz states that he learned of the planned attack and approached Defendant Palmer. Sienz attests that he "unequivocally advised [Palmer] of the immediate impending attack to be levied against Plaintiff by inmate Saunders[.]" Doc. 30 at 14. Sienz states that he told Palmer that the attack was going to occur because of facts relating to the reasons for Plaintiff's incarceration that had been conveyed to Saunders and other inmates by prison staff. Sienz declares that "Palmer rebuffed my reports informing me to essentially mind my own business." *Id.*

Sienz further states that he was present when the assault occurred. He states that Palmer was in the control tower at the time of the disturbance. He states that he "directly observed that Palmer was indeed observing the brewing situation," but failed to take action. *Id.* As the fight progressed, Sienz asserts that "Palmer deliberately abandoned supervising the day room area, predicting that plaintiff would indeed be attacked." Plaintiff was brutally attacked thereafter. *Id.* at 14-15.

Plaintiff also presents a declaration of inmate Melvin Thomas. Although the Thomas declaration has little to say about Palmer, it does assert that the assault on Plaintiff occurred over an extended period of time and through many areas of the facility, all while Palmer was on watch but not responding. Doc. 30 at 17.

These declarations create a question of material fact concerning the alleged deliberate indifference of Defendant Palmer. As a result, summary judgment is not warranted.

### IV. Defendants Ward, Clark, Sherman, Gomez, and Smith.

There is no *respondeat superior* liability under § 1983 and, therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691-92 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To prevail on a claim against a supervisory official, a plaintiff must demonstrate that the supervisory official (1) personally participated in the constitutional deprivation, (2) was aware of widespread abuses and, with deliberate indifference to the plaintiff's constitutional rights, failed to take action to prevent further misconduct, or (3) promulgated a policy so deficient that it is a repudiation of a constitutional right and a moving force of the violation. *See Mackinney v. Nielsen*, 69 F.3d 1002, 1008 (9th Cir. 1995); *Ortez v. Washington County*, 888 F.3d 804, 809 (9th Cir. 1996); *Taylor*, 880 F.2d at 1045.

Although Plaintiff's response sets forth many allegations concerning the failure of these supervisors to train and control Defendant Palmer, Plaintiff fails to supports these allegations with any evidence. Rule 56 "mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. Because Plaintiff has failed to make any factual showing concerning the liability of Defendants Ward, Clark, Sherman, Smith, and Gomez, the Court will grant summary judgment in their favor.

**IT IS ORDERED:**

1. Defendants' motion for summary judgment (Doc. 29) is **granted in part and denied in part**.

1  2. The Court will set a status conference by separate order.

2  DATED this 2nd day of November, 2010.

*David G. Campbell*
United States District Judge