# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William H. Chism, III, | ) No. 1:08-CV-00103-DGC |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| J. Ward, Chief Deputy Warden, et al., | ) |
| | ) |
| Defendant. | ) |

The Court has attached to this Order its proposed preliminary jury instructions and voir dire to be discussed with counsel prior to the start of trial on **October 18, 2011 at 8:15 a.m.** Counsel should be prepared to address the Court with any questions or comments regarding the proposed instructions and voir dire at that time.

DATED this 23rd day of August, 2011.

David G. Campbell
United States District Judge

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| William H. Chism, III, | ) | |
| | ) | No.  1:08-cv-0103 DGC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| J. Ward, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## COURT'S PROPOSED JURY INSTRUCTIONS
## AND VOIR DIRE

DATED: August 22, 2011

_____
David G. Campbell
United States District Judge

## 1.1A  DUTY OF JURY (COURT READS AND
## PROVIDES WRITTEN INSTRUCTIONS)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## 1.2  CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff William H. Chism, III, is a state prisonor suing Defendants for an alleged violation of his civil rights.  At the time of the incident alleged in this action, Defendant Palmer was employed by the California Department of Corrections and Rehabilitation.  The claim at issue in this lawsuit are as follows:

The plaintiff in this case, William H. Chism, III, alleged the defendant corrections officer Palmer violated his right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment to the United States Constitution when defendant Palmer, aware that an attack was planned, failed to take any action to prevent an attack by another inmate on plaintiff Chism on October 10, 2006.  Defendant Palmer denies having any prior knowledge that plaintiff Chism was going to be attacked by another inmate on October 10, 2006.

Plaintiff has the burden of proving this claim.

## 1.6  WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

## 1.7  WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 1.8  EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## 1.9  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## 1.10  RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.   If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## 1.11  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## 1.12  CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## 1.13  NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

## 1.14  TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## 1.18  BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.   The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## 1.19  OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments, and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

## 2.1  STIPULATED TESTIMONY (?)

The parties have agreed what [*witness*]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

**CIVIL VOIR DIRE QUESTIONS**

1.      Read statement of the case.

      •      Have any of you read or heard anything about this case from any source whatsoever?

      •      Given this brief description of the facts, is there anything about this case that would cause you to believe that you could not consider the evidence fairly and impartially according to the law?

2.      Introduce self and staff: in Phoenix, Lisa Richter, Tricia Lyons, Sara Cummings, Melissa Lou, and Nancy Johnson Outley.  Helping me in Fresno are Sergio Arellano, the Courtroom Deputy, and _____, our court reporter.  Do any of you know me or any member of my staff on any basis, social, professional or otherwise?

3.      The Plaintiff is represented by Mark E. Merin.  Counsel please stand.

      •      Do any of you know Plaintiff's counsel, or any of the employees in his office on any basis, social, professional or otherwise?

      •      Counsel, please introduce your client and those present at the counsel table.  Do any of you know these individuals on any basis, social, professional or otherwise?

4.      The defendant is represented by Christopher J. Becker, Deputy Attorny General.  Counsel please stand.

      •      Do any of you know the Defendant's counsel or any employees of his office on any basis, social, professional or otherwise?

- Counsel, please introduce your client and those present at the counsel table. Do any of you know these individuals on any basis, social, professional, or otherwise?

- If a company or corporation: Have any of you ever had a business or employment relationship of any kind with the defendant?

5.   The witnesses who may be called during this trial are: (See Witness Tab):

- Do any of you know or think you might know any of these witnesses?

6.   Do any of you have strong feelings either for or against a party who brings a lawsuit?

7.   Have any of you or members of your family been a party or witness in any litigation (excluding domestic relations, traffic, or probate)?

8.   Do any of you or any of the members of your family have any legal training?

9.   Do you have any belief or feeling towards any of the parties, attorneys, or witnesses that might be regarded as a bias or prejudice for or against any of them?  Do you have any interest, financial or otherwise, in the outcome of this case?

10.  Have any of you served as a juror or witness in a case involving any of these parties, the attorneys, or witnesses?

11.  Have you or a family member ever been arrested by a peace officer?  If so, how long ago?  Where did the arrest take place?  Was there anything about the arrest that you feel may affect your ability to be a fair and impartial juror in this case?

12.  Have you or a family member had any other experiences with law enforcement officers, or prison officials, which may affect your ability to be a fair and impartial

2

juror in this case?  Please explain.

13.     Have you or a family member sued a peace officer for civil rights violations?  If so, will those past lawsuit(s) impair your ability to give Defendants a fair trial in this case?

14.     Have you had a dispute with a peace officer, which did not result in a lawsuit?  Would such dispute(s) impair your ability to give Defendant a fair trial in this case?

15.     Are any of you familiar with the Substance Abuse Treatment Facility in Corcoran, California?  Have any of you formed an opinion about this institution? If so, what is your opinion?

16.     Have any of you heard or read any news stories concerning events at the Substance Abuse Treatment Facility?  Do any of you think that what you have read or heard about the Substance Abuse Treatment Facility would prevent you from serving as a fair and impartial juror in this case?

17.     Are you now or have you ever been associated with any group or organization that is connected with the operation of jails or prisons, the treatment of prisoners, or the reform of prisons in California or elsewhere?  If so, have you formed any opinions based on this experience?

18.     Have any of you read any books, reports, articles, or other publications relating to the operation of jails or prisons and the treatment of prisoners in California or elsewhere in the United States?  Will anything you have read affect your ability to serve as a fair and impartial juror?

19.     Plaintiff is in custody in the California state prison system.  Will that fact affect your ability to be a fair and impartial juror in this case?  Will the fact that correctional officers have to be around Plaintiff at all times during the trial affect your ability to serve as a fair and impartial juror?

20.     Have you, a family member, or a close friend ever been incarcerated in California or elsewhere?  If so, when and where?

21.     It is important that I have your assurance that you will, without reservation, follow my instructions and rulings on the law.  To put it somewhat differently, whether you approve or disapprove of the court's rulings or instructions, it is your solemn duty to accept as correct these statements of the law.  You may not substitute your own idea of what you think the law ought to be.  Please indicate by raising your hand if you will not be able to follow the law as given to you by me in this case.

22.     Do you have friends or family who are, or who have been in law enforcement or corrections work?

23.     Do any of you have opinions about our California Prison system that would make it difficult to serve as a fair and impartial juror in this case?

24.     Do you feel that prison officials should not have a duty to protect prisoners from violence at the hands of other prisoners?

25.     Ladies and gentlemen, we recognize that jury service is probably an inconvenience for you, taking you away from your jobs and families and disrupting your daily routine. Jury service is, however, one of the most important duties that citizens of this

4

country can perform.  For this reason, from time to time we ask citizens to make sacrifices and serve on juries, even when inconvenient.  Prospective jurors can be excused from jury service if the length of the trial or the daily schedule would impose undue hardship.  By undue hardship I mean more than inconvenience – I mean genuine hardship that would be experienced by you or your family.  This case is expected to last ___ days.  Would the length of the trial create an undue hardship for any of you?

26.     I expect to conduct trial on these dates and times:

    _____

    _____

    _____

    _____

Would this schedule create an undue hardship for any of you?

27.     Do any of you have any other reason whatsoever, such as a physical difficulty, a health problem or home problems that might interfere with your serving as a fair and impartial juror in this case?

28.     We have handed you a sheet with 10 separate questions.  Please stand and answer the questions.  The last question asks about your prior jury service. With respect to any juries on which you have served, please indicate the nature of the case and the outcome of the trial.

29.     Did any of you know each other before this morning?

30.    If there are any matters that you would rather discuss privately that may affect your

       ability to be a fair and impartial juror, please let the Court know.

1.      Juror Number

2.      The general location of your residence

3.      Length of time at current residence

4.      Education after high school, if any.  State your major

5.      Marital status

6.      Number of children.  Ages of children if under 18

7.      Employment

        A.      Yourself – current job and types of jobs throughout lifetime

        B.      Spouse – current job and types of jobs throughout lifetime

8.      Civil, social, fraternal, union or professional organizations.  Offices held in them

9.      Hobbies or recreational activities

10.     Prior jury service – civil or criminal